IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GREGORY KELLY,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )         Case No. 2:24-cv-266-RAH-SMD
                                        )
MONTGOMERY REGIONAL AIRPORT,            )
 *et al.*,                              )
                                        )
        Defendants.                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 28, 2024, pro se plaintiff Gregory Kelly ("Kelly"), who is a frequent pro se litigant in this Court, filed a thirty-six-page complaint in state court against twelve defendants alleging violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, the Equal Protection Clause, 42 U.S.C. § 1981, RICO, and several state laws. Compl. (Doc. 1-1). Defendant Wade Davis ("Davis") removed the case to this Court and filed an answer. Not. Rem. (Doc. 1); Answer (Doc. 6). Nine of the Defendants now move to dismiss Kelly's complaint, arguing that they have not been properly served, Mot. (Doc. 28), and Defendant Carmen Douglas moves to dismiss the complaint as frivolous, Mot. (Doc. 35).

Upon review of the complaint, the undersigned finds that it is a nonsensical shotgun pleading. Therefore, the undersigned recommends that the Court *sua sponte* dismiss the complaint and deny Defendants' motions as moot. The undersigned further recommends

that because amendment is futile, Kelly not be afforded an opportunity to amend prior to dismissal.

## I.    JURISDICTION

This Court has federal question jurisdiction over Kelly's claims arising under federal law. 28 U.S.C. § 1331. While it is virtually impossible to determine the factual basis of Kelly's state law claims, this Court should exercise its supplemental jurisdiction over those claims as it appears that the claims, while frivolous, arise from the same case or controversy as Kelly's federal claims. 28 U.S.C. § 1367.

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (a complaint does not suffice under Rule 8(a) "if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotations omitted). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015).

Factual allegations that are merely consistent with a defendant's liability are not facially plausible. *Id.*

Complaints that violate Rule 8(a)(2) are often referred to as "shotgun pleadings." In essence, "[a] shotgun pleading is one that lacks the minimum clarity, brevity, or coherence" required by the Federal Rules. *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023). If "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," the complaint is a shotgun pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Regardless of the category, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Shotgun pleadings are "roundly, repeatedly, and consistently condemn[ed]." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *see also Byrne v.*

*Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) (stating "shotgun pleadings wreak havoc on the judicial system" and "consume an inordinate amount of a court's time"). The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga. Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings"). District courts "have the inherent authority to dismiss a complaint on shotgun-pleading grounds." *Sarhan*, 800 F. App'x at 772; *Gendron v. Connelly*, 2023 WL 3376577, at *1 (11th Cir. May 11, 2023) (noting a district court can dismiss a complaint on shotgun pleading grounds under its inherent authority to control its docket). Generally, prior to dismissing a complaint with prejudice on shotgun pleading grounds, a court must give a pro se plaintiff an opportunity to amend. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("We agree that a district court generally must permit a pro se plaintiff to amend his or her complaint at least once before *sua sponte* dismissing claims on shotgun pleading grounds.").

Federal courts liberally construe pro se pleadings, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), and hold them to a less stringent standard than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a court "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 838 F. App'x 501, 501 (11th Cir. 2021) (per curiam). A court should dismiss a pro

se complaint without providing leave to amend "where amendment would be futile"—i.e., where the complaint as amended would still be subject to dismissal. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010); *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007). Notably, a court has the inherent power to dismiss frivolous suits without giving notice to the parties. *Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008) (per curiam) (finding no abuse of discretion by district court that *sua sponte* dismissed 140-page complaint as frivolous because allegations were clearly baseless and without arguable merit in fact); *Nezbeda*, 789 F. App'x at 183 (holding that "[t]he district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous").

## III.    FACTUAL ALLEGATIONS

Kelly is an elderly and disabled Black male over the age of forty. Compl. (Doc. 1-1) p. 4. He has a master's in business administration from Troy University; an electrical engineering degree from Auburn University; and a computer science degree from Alabama State University. *Id*. Carmen Douglas is the Personnel Director for the City of Montgomery (the "City") and is responsible for hiring for the City, Montgomery County, and the Montgomery Regional Airport. *Id*. Since 1998, Kelly has been "blacklisted" by Defendants "for not having good moral characters and for raising environmental, safety and health issues at MGM Airport." *Id*. at 5. He has been denied job interviews for raising environmental concerns, and Defendants have instead hired their fraternity brothers and sorority sisters despite his superior qualifications. *Id*. at 5-6.

5

Kelly claims that "he will reveal these Defendants have colluded in mass tort crimes, and attempted to hide and conceal highly incriminating information about toxic and poisonous AFFF products contain[ing] cancer causing PFOS and PFOA Chemicals." *Id*. at 6. He also contends that Defendants "were enforcing old, outdated, and racist rules, bylaws and customs such as the MGM Defendants Not-in-My-Back-Yard [] rules for affluent, powerful and white non-Democratic Party members' and landholders and real estate owners while poor, powerless and non-white Democratic Party members' and landholders and real estate owners were 'mostly subjected' to the MGM Defendants racist rules, bylaws and customs rules of Put-In-N*****'s Back-Yard [] laws." *Id*. at 5.

## IV.    CLAIMS

Based on these allegations, Kelly asserts eighteen claims including, *inter alia*, "Race, Age, Disability and Family Medical History Discrimination Under Title VII" and under § 1981; "ADA Disability Misuse of Strength, Agility, and Mobility Tests"; "Making False Promises about their Webpages and Websites being Internet Accessibility [sic]"; breaches of fiduciary duties; and "Blacklisting." *Id*. at 7-26.

## V.    ANALYSIS

Kelly's complaint is a shotgun pleading that falls well short of the federal pleading standards. Indeed, while Kelly sprinkles legal jargon and references statutes throughout his complaint, there are virtually no meaningful factual allegations contained in the thirty-six-page document. As best the undersigned can tell, Kelly contends that over the last twenty-six years, the City—and possibly the Montgomery Airport and its employees—have conspired against him by hiring their friends despite his superior qualifications for some

6

unidentified positions that he presumably (but not allegedly) applied for. Somehow, Defendants' conspiratorial actions are based on Kelly's knowledge of mass toxic tort crimes that Defendants have committed against non-white Democrats. These and other nonsensical vague, conclusory, and irrelevant allegations cause Kelly's complaint to fall squarely within the second category of shotgun pleadings.

Additionally, Kelly's complaint falls within the fourth category of shotgun pleadings because it alleges multiple claims against all Defendants without specifying how each Defendant's conduct is illegal or unconstitutional. Notably, Kelly does not allege any specific wrongdoing by any Defendant. Indeed, the only Defendant specifically mentioned in the complaint is Carmen Douglas, and Kelly simply asserts that she is responsible for hiring. Instead, Kelly generally alleges harm by Defendants without indicating how their individual actions or inactions form the basis of any claim. And because the complaint does not otherwise allege any well-pleaded facts that could shed light upon the factual basis for Kelly's eighteen claims, Defendants are unable to defend themselves against Kelly's conclusory and far-fetched allegations.

Therefore, for these reasons and more, Kelly's complaint is a shotgun pleading that should be dismissed by this Court *sua sponte*.

## VI.   OPPORTUNITY TO AMEND

Kelly is a frequent and vexatious litigant in this Court.[1] In the 2024 calendar year alone, this Court has been subjected to seven other cases filed by Kelly (some of which

---

[1] At least one recommendation is pending that Kelly be declared vexatious for his repeated frivolous filings that do not comply with the Federal Rules of Civil Procedure. *See Kelly v. Montgomery Water Works &*

were removed from state court) against approximately seventy-five defendants.[2] None of these actions have been deemed meritorious and all have been dismissed or are pending dismissal because Kelly's complaints are shotgun pleadings that fail to state any claims.[3] In these cases, Kelly has been afforded an opportunity to amend.[4] However, despite this opportunity, Kelly has either been unable or has chosen not to comply with this Court's orders instructing amendment and has filed the same or similar nonsense that does not comply with the Federal Rules of Civil Procedure.[5] There is no indication that Kelly, if

---

*Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (recommendation to dismiss and to declare Kelly a vexatious litigant pending before the United States District Judge).

[2] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (10 defendants); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP (3 defendants); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD (12 defendants); *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (12 defendants); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (10 defendants); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA (4 defendants); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB (25 defendants).

[3] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (dismissed); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP (dismissed); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD (recommendation to dismiss pending); *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (recommendation to dismiss pending); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (recommendation to dismiss pending); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA (dismissed); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB (recommendation to dismiss pending).

[4] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA, Recommendation (Doc. 23); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP, Order (Doc. 16); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD, Orders (Docs. 20, 31); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP, Order (Doc. 37); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA, Order (Doc. 31); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB, Order (Doc. 45).

[5] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (dismissed under FRCP 41(b) for failure to comply with the Federal Rules of Civil Procedure and this Court's orders); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP (dismissed under Rule 12); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD (recommendation to dismiss as shotgun pleading pending); *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (recommendation to dismiss for failure to comply with federal pleading standard pending); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (recommendation to dismiss for failure to meet federal pleading standard pending); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA (dismissed for failure to comply with federal pleading standard);

afforded an opportunity to amend here, would suddenly comply with the Federal Rules of Civil Procedure or this Court's directives.

But more importantly, Kelly's complaint is frivolous, thus making amendment futile. While courts typically provide at least one opportunity for a pro se plaintiff to amend his complaint prior to dismissal, a court may dismiss a complaint without opportunity to amend if it finds that amendment is futile. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint). Here, allowing Kelly to amend would simply waste additional judicial resources because there are absolutely no allegations in the complaint that support relief under federal or state law. Kelly has repeatedly used the legal system as his playground to air grievances that have no basis in law or reality, and this Court has spent an inordinate amount of time addressing these meritless claims. This latest iteration of Kelly's grievances is no different and in fact, is similar to at least two other complaints wherein he claims various defendants have conspired against him since 1998 for speaking out about toxic tort crimes and placing him on do-not-hire lists.[6] Those suits are frivolous, as is this one.

---

*Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB (recommendation to dismiss for failure to file an amended complaint pending).

[6] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (alleging conspiracy since 1998 to silence Kelly for speaking out about toxic tort crimes and environmental fraud and placing him on do not hire lists); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (alleging he is the victim of conspiracy because of the defendants' toxic tort crimes).

Accordingly, because it is clear that Kelly alleges no facts in the complaint that could support relief under any law, amendment is utterly futile. Therefore, the undersigned recommends that Kelly not be afforded an opportunity to amend his complaint prior to its dismissal.[7]

## VII.    CONCLUSION

Because Kelly's complaint is a nonsensical, frivolous shotgun pleading that amendment cannot cure, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Kelly's complaint be DISMISSED without opportunity to amend and that all pending motions (Docs. 15, 21, 28, 32, 35, and 42) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 30, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[7] While allowing amendment in this case is futile, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Kelly will be permitted to file objections to the findings set forth in this Recommendation, and thus she is afforded the requisite opportunity to be heard about the deficiencies of her complaint prior to any dismissal of the complaint.

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of May, 2025.


Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

11