IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-00266-RAH |
| | ) |
| MONTGOMERY REGIONAL AIRPORT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

On May 16, 2025, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice as a nonsensical improper shotgun pleading, that Plaintiff not be afforded an opportunity to amend due to futility, and that all pending motions be denied as moot. (*See* Doc. 43.) Plaintiff has not filed an objection, let alone a timely one, to the Recommendation, although he has filed an objection (*see* doc. 45) to the Defendants' Motion to Dismiss, which the Court construes, in part, as an objection to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to

the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review.  *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006).  Otherwise, a Report and Recommendation is reviewed for clear error.  *Id.*

In Plaintiff's objection, he does not identify any specific objections to or error with the Recommendation.  Instead, he largely doubles down on his complaint allegations which the Magistrate Judge noted were nonsensical, frivolous, and pleaded in a shotgun fashion.  The Court agrees with the Magistrate Judge's findings.  And as the Magistrate Judge noted, Plaintiff is no stranger to the legal system or the Middle District of Alabama, as Plaintiff, in 2024 alone, filed seven lawsuits against approximately seventy-five other defendants, none of which have been deemed meritorious.   (*See* Doc. 43 at 7-8, identifying cases).

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1.      Plaintiff's Motion Seeking Default Judgment Or In the Alternative For Summary Judgment (doc. 15) is **DENIED** as moot;

2.      Plaintiff's Motion Seeking Default Judgment (doc. 21) is **DENIED** as moot;

3.      Defendants' Motion to Dismiss (doc. 28) is **DENIED** as moot;

4.      Plaintiff's Show Cause Motion For Default Judgment Or In The Alternative Partial Judgment or Summary Judgment (doc. 32) is **DENIED** as moot;

5.      Defendant Carmen Douglas's Motion to Dismiss or In the Alternative For Summary Judgement (doc. 35) is **DENIED** as moot;

6.      Defendant Wade Davis's Motion to Compel (doc. 42) is **DENIED** as moot;

7.      Plaintiff's Objections (doc. 45) are **OVERRULED**;

8.      The Recommendation (doc. 43) is **ADOPTED**; and,

9.   This lawsuit is **DISMISSED without prejudice**.

A separate Final Judgment will issue.

DONE, on this the 5th day of June 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE